IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **AURSCANT HUGHEY-BEY, #126443,**   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | |
| vs.   ) | **CIVIL NO. 04-893-JPG** |
| ) | |
| **ILLINOIS SECRETARY of STATE,** ) | |
| **ILLINOIS DEPARTMENT of PUBLIC** ) | |
| **HEALTH, UNITED STATES** ) | |
| **DEPARTMENT of STATE, and UNITED** ) | |
| **STATES PAROLE COMMISSION,**   ) | |
| ) | |
| **Defendants.**   ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This case is puzzling, to say the least. The complaint is captioned for the United States District Court for the Central District of Illinois. It appears that Plaintiff first mailed his complaint to the Peoria Division of that district, only to have his pleadings returned to him for noncompliance with federal rules (*see* Doc. 1, page 2, letter from John M. Waters dated August 12, 2004). Plaintiff then filed this action in the United States District Court for the District of Columbia; that court transferred the action to this District (*see* Doc. 5).

The allegations of the complaint are even more puzzling than the procedural path. Plaintiff explains the nature of his current custody in the state of Michigan, pursuant to a Michigan state court conviction. At some point in the early 1980s, prior to his current incarceration, Plaintiff was on parole from a federal conviction. Apparently he was living in the Chicago area and, while domiciled there, he received a state drivers' license under the name Aurscant Hughey, Jr. He also got married

to a Nigerian woman in May 1982, following an INS hearing that approved the marriage; the marriage license issued under the name Aurscant Hughey, Jr.[1]  Recently, it seems that Plaintiff has attempted to obtain copies of his marriage license; exhibits to the complaint indicate that he seeks this information prior to filing for divorce.  According to the complaint, he has written to both the Illinois Secretary of State and the Illinois Department of Public Health requesting this information, without success.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff refers to this action as a petition for writ of mandamus; he asserts that the federal court has personal jurisdiction under 28 U.S.C. §§ 1331(a), 1332, and 1602 *et seq.*, and that subject matter jurisdiction is appropriate under 18 U.S.C. § 243 and 42 U.S.C. § 1983.  Finally, he asserts

---

[1] At some point in time unspecified in the complaint, following the tenets of the Moorish Science Temple, Plaintiff changed his last name to Hughey Bey.

"general jurisdiction" under the All Writs Act, 28 U.S.C. § 1651(a), the Declaratory Judgment Act, 28 U.S.C. § 2201, and 28 U.S.C. §§ 1331, 1361.  His request for relief states the following:

> WHEREFORE, Plaintiff prays this Court to GRANT him leave to proceed in forma pauperis and ORDER Defendants tally costs of all materials relative to Plaintiff under the name **Aurscant Hughey, Jr.**, and make them available to Plaintiff under Court supervision or in the juridical orbit deemed appropriate by judicial fiat in keeping with the Constitution of the United States, treaties, Acts of Congress, and statutes measuring Article III, §2.

Doc. 1 page 6 (emphasis in original).  The Court therefore surmises that Plaintiff seeks a court order directing Defendants to tell him how much these marriage records would cost, and to allow him access to these documents.

However, this Court has no jurisdiction over the Illinois Secretary of State or the Illinois Department of Public Health.  Each of these entities is located in Springfield, Illinois, in Sangamon County, which is situated within the Central District of Illinois.  28 U.S.C. § 93(b).  This Court could bounce this action to that district, but such a move would be a waste of judicial resources and would only delay the inevitable dismissal of this action.

Neither the Secretary of State or the Department of Public Health maintains official marriage records, nor does either of the federal agencies listed as a defendant.  Rather, marriage records are available in the county in which Plaintiff was married.  As stated above, Plaintiff says he was married in Cook County in May 1982.  Therefore, to obtain a copy of his marriage certificate, he must contact the appropriate officials in Cook County.  Specifically, Plaintiff should write to this address:

> Cook County Clerk David Orr
> Bureau of Vital Statistics
> P.O. Box 642570
> Chicago, IL 60664-2570

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: July 14, 2005**

                                        **s/ J. Phil Gilbert**
                                        **U. S. District Judge**